**DISMISS and Opinion Filed July 26, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00455-CV

**ESTATE OF JAMES TENISON, DIANE TENISON, ADMINISTRATOR OF
ESTATE AND NEXT OF KIN, DIANE TENISON, INDIVIDUALLY,
MARGIE TENISON, INDIVIDUALLY, AND JOHN ALFRED TENISON,
INDIVIDUALLY, Appellants
V.
BROOKSHIRE GROCERY COMPANY, Appellee**

### On Appeal from the 160th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-19-08158

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Smith
Opinion by Chief Justice Burns

We questioned our jurisdiction over this appeal from the trial court's partial

summary judgment order because the order did not dispose of all claims and

appeared interlocutory. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272

(Tex. 1992) (appeal may generally only be taken from final judgment that disposes

of all parties and claims); *Loy v. Harter*, 128 S.W.3d 397, 409 (Tex. App.—

Texarkana 2004, pet. denied) (partial summary judgment is interlocutory and does

not become appealable unless it is severed from remaining portion of case or final

judgment determining remaining portion of case is signed). Specifically, the record reflected appellant had asserted causes of action for negligence, premises liability, wrongful death, and survival. The order disposed of the negligence and wrongful death claims, but nothing in the record reflected the premises liability and survival claims had been determined.

In jurisdictional briefing filed at our request, appellant does not dispute the order is interlocutory but argues it is appealable under Texas Civil Practice and Remedies Code section 51.014(d). Section 51.014(d) allows an appeal from an otherwise unappealable interlocutory order if the order involves a controlling question of law as to which a substantial ground for difference of opinion exists and an immediate appeal might materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). The order must explicitly state that the trial court grants permission to appeal and identify the controlling question of law. *See id.*; TEX. R. CIV. P. 168.

The order here does not grant permission or identify any controlling questions of law, but appellant asserts two controlling questions of law inherently arise from the order: (1) whether a claim for negligence can be dismissed as a matter of law when a premises liability claim remains viable; and, (2) whether a wrongful death action can be dismissed as a matter of law when a survival claim remains viable. As appellee notes in its response, however, an appeal under section 51.014(d) is allowed

only upon the direction of the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. CIV. P. 168.

Because the appealed order is interlocutory and not appealable, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Loy*, 128 S.W.3d at 409.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210455F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ESTATE OF JAMES TENISON, DIANE TENISON, ADMINISTRATOR OF ESTATE AND NEXT OF KIN, DIANE TENISON, INDIVIDUALLY, MARGIE TENISON, INDIVIDUALLY, AND JOHN ALFRED TENISON, INDIVIDUALLY, Appellants

No. 05-21-00455-CV     V.

BROOKSHIRE GROCERY COMPANY, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-08158. Opinion delivered by Chief Justice Burns, Justices Molberg and Smith participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Brookshire Grocery Company recover its costs, if any, of this appeal from appellants Estate of James Tenison, Diane Tenison, Administrator of Estate and Next of Kin, Diane Tenison, Individually, Margie Tenison, Individually, and John Alfred Tenison, Individually.

Judgment entered July 26, 2021.